IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHRIS ARCHIBEQUE,

        Plaintiff,

  vs.                                              No. CIV 10-483 MCA/LFG

CITY OF ALBUQUERQUE FIRE
DEPARTMENT, et al.,

        Defendants.

**ORDER DENYING PLAINTIFF'S MOTION
TO QUASH ORDER  PERMITTING WITHDRAWAL OF COUNSEL**

THIS MATTER comes before the Court on Plaintiff's Motion to Quash Order Granting Motion to Withdraw [Doc. 52]. No response is necessary. For the reasons given below, the Motion is denied.

On October 13, 2010, Rugge, Rosales & Associates, P.C. (David Ray Rosales and Amelia P. Nelson), attorneys of record for Plaintiff Chris Archibeque ("Archibeque"), filed an Opposed Motion for Leave of Court to Withdraw Appearance of Counsel for Plaintiff Chris Archibeque. As grounds for the motion, counsel stated that there has been a disintegration of the attorney/client relationship. [Doc. 22, at 1].

On October 19, 2010, the Court entered its Order Setting Requirements for Withdrawal [Doc. 28], noting that Defendents responded and expressed no opposition to the Motion. Archibeque had not yet filed any objections to the request to withdraw. In the October 19 Order, the Court imposed a number of requirements before counsel would be permitted to withdraw, designed to ensure that Plaintiff's interests would be protected.

In particular, the Court required counsel to certify that they advised their client in writing that they are seeking to withdraw as counsel; that if the Court authorizes the withdrawal, Archibeque will be deemed a *pro se* litigant and subject to all rules of procedure applicable to a licensed attorney; that they have advised Archibeque that it is his responsibility to answer or object to all

pending discovery requests and that failure to do so could result in imposition of FED. R. CIV. P. 37 sanctions, up to and including dismissal of the action; that until such time as he retains substitute counsel, Archibeque has the responsibility of representing himself and responding to any motions that may be filed; and that Archibeque is responsible for adhering to all rules of practice and orders of the Court. The Court ordered counsel to file a certificate of compliance with these directives.

On October 21, 2010, counsel filed a Notice of Compliance with Order Setting Requirements for Withdrawal [Doc. 30], certifying their compliance with all conditions set by the Court. Because counsel represented that the attorney-client relationship had broken down, and because they complied with the order for certification, the Court determined that Archibeque's interests were protected and on October 22, 2010, it entered an Order Granting Motion to Withdraw [Doc. 31].

On October 25, 2010, Archibeque filed Objections to the Motion to Withdraw [Doc. 34]. The Court did not consider these Objections in its Order Granting Motion to Withdraw, as they were filed after that Order was entered. However, because the Objections were filed within the 14-day period allowed for response to a motion, *see*, D.N.M.LR-Civ. 7.4(a), the Court addresses them now, in considering Archibeque's Motion to Quash.

Archibeque objects on grounds that withdrawal of counsel would have a material adverse effect on his interests, as "interviews" were scheduled for Defendants on October 28, 2010. He also asserts that withdrawal of counsel constitutes a breach of the representation agreement between himself and the law firm of Rugge, Rosales & Associates, P.C.; that counsel is incorrect in asserting a conflict of interest; that his attorneys violated the professional rules of conduct by failing to present crucial evidence to the Court; and that opposing counsel has acted unethically in obtaining evidence. [Doc. 34].

Any alleged actions by opposing counsel are irrelevant to the issue of whether Archibeque's own attorneys should be allowed to withdraw. Archibeques's assertion that his attorneys violated the rules of professional conduct by failing to present crucial evidence to the Court is also irrelevant to the issue of withdrawal and is too vague to afford sufficient grounds for forcing counsel to

continue representation. In addition, Archibeque's allegation that his attorney violated professional ethics further supports counsel's statement that the attorney-client relationship is irretrievably broken. Counsel did not cite conflict of interest as a reason for seeking withdrawal; thus, Archibeque's assertion that no such conflict exists is, again, irrelevant. While there may have been a retainer agreement, counsel has no ethical or legal obligation to continue representation when the attorney-client relationship has disintegrated, assuming that the client's interests are sufficiently protected. Rule 16-116 NMRA; D.N.M.LR-Civ. 83.9. Further, to the extent that there is a claim by Archibeque that his attorneys breached their professional responsibility, his remedy is by way of a civil action against his attorneys, or filing a complaint with the State Bar.

The Court acknowledges that it entered its Order Granting Withdrawal prior to expiration of the time for Archibeque to file objections to the withdrawal. However, the Court found sufficient grounds to permit withdrawal, given counsel's representation that their relationship with Archibeque had disintegrated. Such a representation need not be explored in detail by the Court. "The lawyer's statement that professional considerations require termination of the representation ordinarily should be accepted as sufficient." Committee Commentary to Rules of Professional Conduct, Rule 16-116 NMRA. Moreover, it is patently obvious that the relationship of trust and confidence implicit in an attorney-client relationship no longer exists between Archibeque and his former attorneys.

And the Court did not act arbitrarily or precipitously in permitting withdrawal; rather, it entered an order requiring counsel to advise Archibeque of the application for permission to withdraw, along with other information necessary for him to properly represent himself until such time as he could obtain a new attorney. Counsel complied fully with this order and so certified to the Court. For a similar situation, *see*, <u>Jones, Waldo, Holbrook & McDonough v. Cade</u>, 98 Fed. Appx. 740, 746 (10th Cir. 2004):

> Cade's attorneys were not arbitrarily dismissed by the court; instead, they filed a motion to withdraw their appearance that fully complied with Dist. Utah Civ. R. 83-1.4., including a certificate by Cade's attorneys that "Cade has been notified in writing of the status of this case, including the dates and times of any scheduled court proceedings, pending compliance with any existing court orders, and

the possibility of sanctions therein."

Archibeque asserts that he was prejudiced by counsel's withdrawal, because "interviews" with Defendants were scheduled on October 28, 2010. Archibeque may be referring to the depositions of witnesses (not Defendants) Robert Lujan and Aaron (or Ahren) Griego, scheduled for either October 28 and 29, 2010, or else October 29 and November 1, 2010. [*Compare*, Clerk's Minutes of Telephonic Status Conference, Doc. 32, at 2; Doc. 34, at 1; Doc. 54].

At a telephonic status conference held on October 22, 2010 at which the request to withdraw was discussed, the Court directed Archibeque's attorney to notify Archibeque in writing of the two depositions scheduled for the following week and provide him information as to the date, place and time. [*See*, Doc. 32, at 4]. Archibeque was not prejudiced, as it appears that these interviews or depositions did not occur. *See*, Doc. 54, at 1, where Archibeque advised the Court that the individuals did not appear for the interviews/depositions.

The Court finds that Archibeque's interests were adequately protected in this matter and declines the request that his former attorneys be brought back into this case and forced to represent him in the face of their statement that the attorney-client relationship has disintegrated. "[A]n attorney may seek to withdraw if he can show that the withdrawal will not prejudice the client or that there is good cause, affecting the relationship between the lawyer and the client, for the withdrawal." In re Davis, 258 B.R. 510, 513 (Bankr. M.D. Fla. 2001). Plaintiff's counsel has made a sufficient showing in this case.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Quash Order Granting Motion to Withdraw [Doc. 52] is denied. Archibeque will proceed as a *pro se* plaintiff until such time as he obtains new counsel and must continue to comply with the rules of practice and procedure and all orders of the Court.

                                                    *Lorenzo F. Garcia*
                                                    Lorenzo F. Garcia
                                                    United States Magistrate Judge