IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHRIS ARCHIBEQUE,

    Plaintiff,

vs.     No. 10cv483-MCA/LFG

CITY OF ALBUQUERQUE FIRE
DEPARTMENT, et al.,

    Defendant.

### Memorandum Opinion and Order

**THIS MATTER** is before the Court on *Plaintiff's Motion for Leave of Court to Amend Complaint*. [Docket 17]. Having considered the parties' submissions, the relevant law and otherwise being fully advised in the premises, the Court finds that Plaintiff's motion is well taken and the Motion will be granted.

Plaintiff filed his original Complaint *pro se* on April 26, 2010. [Doc. 3, ex. 1]. The gravamen of his complaint is that he was the victim of age discrimination.[1] He alleged that he had received a right to sue letter from the Equal Employment Opportunity Commission[2] and attached to his Complaint an "Order of Nondetermination" issued by the State of New Mexico Department of Workforce Solutions advising him of his right to pursue an action under the New Mexico Human Rights Act (NMHRA herein) in state district court.[3]

---

[1] Plaintiff's original Complaint set forth detailed facts alleging age discrimination, and the following theories of liability: Violation of his rights under the 14th Amendment (Count I); Violation of the Age Discrimination in Employment Act (29 U.S.C. 623(a)) (Count II); Violation of the covenant of good faith and fair dealing; Wrongful discharge (Count III); Violation of Title VII of the Civil Rights Act of 1991 (Count III). (Doc. 3, Ex. 1, pp. 1-6).

[2] Doc 3, Ex. 1, p. 7.

[3] Doc 3, Ex. 1, p. 9.

Plaintiff obtained counsel who filed an entry of appearance on July 1, 2010. [Doc. 8]. Plaintiff's Motion to Amend the Complaint was filed on August 31, 2010. [Doc. 31]. The Proposed Amended Complaint asserts claims for relief for age discrimination under the NMHRA [Count I], Constructive Discharge [Count II], Breach of Contract and Breach of the Duty of Good Faith and Fair Dealing [Count III] and Violation of 42 U.S.C. § 1983 and Due Process. [Count IV].[4]

Defendants object only to Count I of the Proposed Amended Complaint. They contend that this claim cannot relate back to the date of Plaintiff's original Complaint because Plaintiff did not include a claim for age discrimination under the NMHRA in the original Complaint. Defendants admit that the original Complaint asserted claims under the federal Age Discrimination in Employment Act and Title VII.[5]

Under Rule 8(a)(2) Fed. R. Civ. P., a plaintiff must make a "short and plain statement of the claim showing that the pleader is entitled to relief." The attachment of the "Order of Nondetermination" to Plaintiff's original Complaint adequately informed Defendants of Plaintiff's claims under the NMHRA.

> A *pro se* litigants pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. (Citations omitted). We believe that this rule means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.

Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

---

[4] Doc. 17, Ex. 1.

[5] Doc 18 p. 2.

Rule 15(a) of the Federal Rules of Civil Procedure allows a party to amend its pleading by leave of the Court and provides that leave shall be freely given when justice so requires.

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962), see Castleglen, Inc. v. Resolution Trust Corp., 984 F.2d 1571, 1585 (10th Cir. 1993) (citing cases).

The burden of showing prejudice in granting leave to amend a pleading rests on the party who opposes the amendment. Koch v. Koch Industries, 127 F.R.D. 206, 210 (D. Kan. 1989). Defendants have not made this showing. The facts supporting Plaintiff's claim under any theory of recovery for age discrimination are the same. Accordingly, Defendants will not be notably surprised or prejudiced by permitting the proposed amendment to seek recovery under the NMHRA. See Snider v. Circle K Corp., 923 F.2d 1404, 1409 (10th Cir. 1991).

**IT IS THEREFORE HEREBY ORDERED** that *Plaintiff's Motion for Leave of Court to Amend Complaint.* [Docket 17] is **GRANTED**.

**So Entered this 31th day of May, 2011.**

_____
**M. CHRISTINA ARMIJO**
**United States District Judge**