IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHRIS ARCHIBEQUE,

        Plaintiff,

   vs.                                                   CIVIL NO. 10-483 MCA/LFG

CITY OF ALBUQUERQUE
FIRE DEPARTMENT et al.,

        Defendants.

## REPORT AND RECOMMENDATION
## FOR DISMISSAL WITH PREJUDICE[1]

THIS MATTER is before the Court *sua sponte*. For the reasons hereafter stated, the undersigned Magistrate Judge proposes dismissal of Chris Archibeque's ("Archibeque") lawsuit against Defendants as a result of his (1) non-compliance with obligations imposed by the Federal Rules of Civil Procedure; (2) failure to abide by the orders and directives of the Court; and (3) apparent abandonment of this litigation. See Ehrenhaus v. Reynolds, 965 F.2d 916, 920 (10th Cir. 1992).

### Background

On April 26, 2010, Archibeque filed a *pro se* complaint for violations of his civil rights against Defendants who, on May 20, 2010, timely removed the matter to this Court. [See Doc. 3]. On July 1, 2010, Amelia P. Nelson, Esq. entered an appearance on Archibeque's behalf. [Doc. 8].

---

[1] Within fourteen (14) days after a party is served with a copy of this analysis and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such analysis and recommendation. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the analysis and recommendation. If no objections are filed by July 11, 2011, no appellate review will be allowed.

Thereafter, at a Rule 16 scheduling conference conducted on July 23, 2010, the Court learned that Archibeque had not met mandatory disclosure requirements as set forth in this district's local rules. [See D.N.M.LR-Civ. 26.3]. The Court ordered compliance within ten days. On September 29, 2010, the Court set a telephonic conference for October 22, 2010 to ascertain the status of discovery. Prior to the conference, however, Archibeque's attorneys, Ms. Nelson and David Ray Rosales, Esq., who had entered his appearance on October 4, 2010, [see Doc. 21], moved to withdraw, citing "a disintegration of the attorney/client relationship." [Doc. 22 at 1].

Before granting the motion, which it did by *Order* entered October 22, 2010 [see Doc. 31], the Court, on October 19, 2010, set requirements for withdrawal and directed counsel to certify that: (1) counsel had written Archibeque to advise that they were seeking to withdraw; (2) if the Court were to authorize withdrawal, Archibeque would be deemed a *pro se* litigant and subject to all rules of procedure applicable to a licensed attorney; and (3) counsel had informed Archibeque that, if there were pending discovery requests, *i.e.*, interrogatories; requests for production; and requests for admission, it would be Archibeque's responsibility to answer fully or to state appropriate objections within the time permitted by law. Counsel also were required to certify that they had warned Archibeque that failure to respond to discovery could result in the imposition of sanctions under Fed. R. Civ. P. 37, including dismissal of his case with prejudice. [Doc. 28 (*citing* Ehrenhaus v. Reynolds, 965 F.2d 916, 920 (10th Cir. 1992))]. Finally, counsel were required to advise Archibeque that, until such time that he secured substitute counsel, he bore the responsibility of representing himself and responding to any filed motions, as well as for adhering to all rules of practice and procedure; the Court's *Scheduling Order*; and all other orders of the Court. [Doc. 28 at 2].

On October 21, 2010, counsel filed their *Notice of Compliance with Order Setting Requirements for Withdrawal of Counsel*, certifying that they had satisfied the Court's above-detailed conditions for withdrawal. [See Doc. 30].

The Court then held the previously scheduled telephonic status conference of October 22, 2010.  During the conference, the Court learned that Archibeque still had not complied with his disclosure obligations under the district's local rules.[2]  [See generally Doc. 32].  Among other things, counsel for Defendants noted that, having "take[n] the position that his *amended* complaint [did] not include a claim for emotional harm[,]" Archibeque objected to executing medical releases and identifying health care providers. [Id. at 3 (emphasis added)].  As of October 22, 2010, however, leave to amend had not yet been granted.  The Court expressly stated that,

> [t]here's no determination yet on the amended complaint.  That goes to the trial judge, not to the referral Magistrate Judge.  If the Magistrate Judge were to grant the request, there would be no difficulty.  But if I were to deny it, that effectively becomes dispositive; therefore, contested motions to amend go to the trial judge.  At present, the complaint before the Ct is the original complaint.  Therefore, I direct that P comply with the Local Rule 26.3(d); that is, P must provide D with a listing of each and every health care provider the P has seen for any reason, not just the reasons related to the claims in this lawsuit.  P must also execute a release form and must identify all health care providers by name, address, and telephone number.  Failure to do so may result in sanctions, including dismissal under Ehrenhaus v. Reynolds.

[Id. ].

With respect to Archibeque's admitted failure to provide Fed. R. Civ. P. 26 expert reports by the deadline imposed in the *Scheduling Order,* the Court noted that it had granted no deadline

---

[2] For example, the *Clerk's Minutes* [Doc. 32] reflect that, while Archibeque had served written discovery requests, he had not initiated any oral discovery, nor had he met his deadline for expert disclosures. [See Doc. 32 at 1-3].

extension, nor had any such request been made.  Consequently, the Court ruled that Archibeque's proposed medical experts would be prevented from testifying in this matter.   [Doc. 32 at 2].

Having been informed that counsel for Archibeque had noticed two depositions, the Court, as a condition of withdrawal, told counsel to send Archibeque a letter advising of those two scheduled depositions and providing him with information as to date, place, and time.  Counsel (Mr. Rosales) was verbally instructed to advise Archibeque that the Court had ordered compliance with D.N.M.LR-Civ. 26.3(d), and that, within 10 days, he should provide the information required under the rule.  Finally, the Court directed counsel to warn Archibeque that "if he fail[ed] to comply, sanctions [were] possible." [Doc. 32 at 2, 4].  The Court entered its *Order* granting counsel's motion to withdraw later that same day.  [Doc. 31].

On December 3, 2010, Defendants filed a Certificate of Non-Appearance, explaining that Archibeque failed to appear for a scheduled deposition after being served with a subpoena *duces tecum*.  [See Doc. 61].  Archibeque filed neither a motion for protective order nor a notice of non-appearance.  Defendants re-scheduled Archibeque's deposition and a new subpoena was issued, requiring him to appear on December 14, 2010.  In a *sua sponte Notice to Plaintiff* filed December 10, 2010, this Court again cautioned Archibeque of the possible consequences of his non-compliance, advising that

> [w]illful failure to appear for a deposition, without the Court granting a motion for protective order, can result in imposition of sanctions under Rule 16 or Rule 37, including dismissal of Archibeque's case with prejudice. Ehrenhaus v. Reynolds, 965 F.2d 916, 920 (10th Cir. 1992).

[See Doc. 63].

Defendants then filed a motion to compel and for sanctions, noting, among other things, that Archibeque failed to respond to written discovery and mandatory disclosures.  [See Docs. 66, 70].

The Court conducted a conference on January 24, 2011 to discuss these discovery problems and the status of the case. [Doc. 75]. After hearing the parties' positions, the Court directed Archibeque to respond within 15 days to Interrogatory Nos. 5, 6, 8-10, and 21-23. The Court also directed compliance with Local Rule Civ. 26(d)(3). Finally, the Court ordered Archibeque to provide documents in Request for Production Nos. 2-17 and to file a certificate of compliance. [See id.]

The Court imposed sanctions, including two separate fines of $150 for each failure to comply, but agreed to suspend the sanctions until such time that Archibeque properly filed certificates of compliance, if he did so at all. [See Docs. 75, 76].

Because Archibeque's non-compliance with his discovery obligations prevented Defendants from timely filing dispositive motions, this Court extended the dispositive-motion deadline from January 20, 2011 to February 14, 2011. [See Docs. 71, 77]. The Court denied Archibeque's request to "request documents from Defendant[,]" noting that the discovery deadline, of which all counsel had been "carefully advised" during the scheduling conference, had passed and that he had missed critical deadlines that affected his ability to prosecute the case. [Doc. 75 at 4]. For example, explained the Court, Archibeque had not complied with his expert disclosure deadline or his discovery obligations. The Court encouraged Archibeque to seek substitute counsel. [Id. at 4-5].

On February 11, 2011, the Court received a fax from defense counsel in which counsel stated that Archibeque failed to respond to Interrogatories within the time limit noted set by the Court during the January 24, 2011 status conference, and also failed to file a certificate of compliance. [See Doc. 84 at 1]. As a result, the Court conducted a telephonic conference later that day. [See generally id.]. Archibeque denied non-compliance and alleged that he had sent the information in question via e-mail. Defendants disputed his claim, and, accordingly, the Court directed that Archibeque re-send the documents. [Id. at 1].

5

On May 27, 2011, the Court received another fax [see Doc. 94] from defense counsel, explaining that Archibeque had not submitted his portion of the *Pretrial Order* to Defendants, as directed by Judge Armijo's August 13, 2010 *Minute Order Scheduling Jury Selection/Trial*. [See Doc. 15 at 1]. As Defendants sought assistance in compelling Archibeque's compliance, the Court, on June 3, 2011, issued an *Order to Show Cause*, in which it outlined Archibeque's repeated failures to comply with discovery obligations, as well as Court orders and directives. [See Doc. 96]. The Court instructed Archibeque to show cause, if any he had, why Rule 16 sanctions, including dismissal of his case with prejudice, should not be entered. Specifically, the Court directed that "Archibeque's response to this Order to Show Cause and his supporting affidavit [should] be submitted under penalty of perjury [and] should be filed by June 20, 2011. *Failure to respond will result in the Court's dismissal of this lawsuit with prejudice.*" [Doc. 96 at 3(emphasis added)]. As of June 27, 2011, Archibeque has not responded to the *Order to Show Cause*. [See generally Dkt. in 10cv483 MCA/LFG].

## **Analysis**

Under Rule 37 of the Federal Rules of Civil Procedure, if a party fails to obey an order to provide or permit discovery, the court in which the action is pending may, among other things, "dismiss[] the action or proceeding in whole or in part. . . ." Fed.R.Civ.P. 37(b)(2)(A)(v). Pursuant to Ehrenhaus v. Reynolds, a court is required to consider the following factors prior to choosing dismissal of a lawsuit as a just sanction: (1) the degree of actual prejudice to the opposing party; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would likely be taken as a sanction for non-compliance; and, (5) the efficacy of lesser sanctions. Ehrenhaus, 965 F.2d at 921; see also Meade v. Grubbs, 841 F.2d 1512, 1520-21 (10th Cir. 1988). While the Ehrenhaus

factors do not constitute a rigid test, a court's discretion in sanctioning is limited, inasmuch as "the chosen sanction must be both 'just' and 'related to the particular "claim" which was at issue in the order to provide discovery.'" Ehrenhaus, 965 F.2d at 921 (*quoting* Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 707 (1982)). Further, it is "[o]nly when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits . . . is dismissal an appropriate sanction." Meade, 841 F.2d at 1521 n.7. With these caveats and the Ehrenhaus factors in mind, this Court now determines the appropriateness of dismissal as a sanction.

### I.  Degree of Actual Prejudice to Opposing Party

Initial disclosures are required under Fed. R. Civ. P. 26 as a way of expediting the ultimate disposition of litigation and reducing costs. The Rule recognizes that parties are entitled to very basic information at the outset without the need to make a discovery request. See Fed.R.Civ.P. 26(a)(1)(A). Thus, initial disclosures are intended to be automatic. The Rule imposes a 14-day deadline for making initial disclosures. See Fed.R.Civ.P. 26(a)(1)(C).

As indicated earlier, Archibeque was required automatically to make his initial disclosures and to provide basic information to Defendants within 14 days of the meet-and-confer session. See Fed.R.Civ.P. 26(a)(1)(C). This did not occur, as Archibeque failed to make all of his mandatory disclosures. It was necessary for Defendants to raise the non-compliance and seek the Court's intervention on more than one occasion. As a consequence, until just days before the motion-filing deadline, Defendants were without basic information necessary to evaluate the strengths or weaknesses of Archibeque's claims. Without that information, Defendants have been significantly disadvantaged in that they have had to incur costs and fees, and have suffered delay in their repeated efforts to compel Archibeque to comply with his obligations. The Court concludes that Defendants

have been—and will continue to be—disadvantaged and experience prejudice as a result of Archibeque's non-compliance. Accordingly, this factor weigh in favor of Defendants.

## II.  Amount of Interference With the Judicial Process

Archibeque's failure to meet his obligations has required the Court to spend an inordinate amount of time and effort trying to compel compliance. This is time that could have been devoted to other lawsuits and other significant issues. Archibeque's failure to comply has interfered with the Court's case management plan in that discovery has come to a halt. As the Court explained during the October 22, 2010 telephonic status conference, discovery was set to close on December 20, 2010. [See Doc. 32 at 2]. This deadline was never extended. [See Doc. 12 at 1 ("The termination date for discovery is **December 20, 2010,** and discovery shall not be reopened, nor shall case management deadlines be modified, except by an order of the Court upon a showing of good cause." (emphasis in original)]. Yet the Court was required to modify case management deadlines so as to allow Defendants an opportunity to file potentially dispositive motions. [See Doc. 77]. The Court concludes that Archibeque's failures to comply with Court orders and directives have caused significant interference with the judicial process. Accordingly, this second factor also weighs in Defendants' favor.

## III.  Culpability of the Litigant

Archibeque was specifically notified that until such time as substitute counsel entered an appearance, he would represent himself in a *pro se* capacity and would be responsible for strict adherence to all orders, directives, and rules of procedure. [See Doc. 30]. As Archibeque represents himself, the entire responsibility for non-compliance with Court orders and discovery falls squarely on his shoulders. In re Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984)(if the fault lies with the attorneys, that is where the impact of the sanction should be lodged; if the fault lies with the

party, it is the party who bears the sanction); see also M.E.N. Co. v. Control Fluidics, Inc., 834 F.2d 869, 873 (10th Cir. 1987).

The Court ordered Archibeque to show cause why sanctions should not be entered, and he has simply failed to respond. He also did not request additional time within which to respond, nor did he provide the Court with any explanation or justification for his non-compliance. Instead, other than orders of the Court and defense motions, the docket reflects no filing activity on Archibeque's part since the June 3, 2011 entry of the *Order to Show Cause*. As with the first two factors, this third factor also weighs in favor of Defendants.

### IV. Advanced Warning of Possible Dismissal

Under Ehrenhaus, the Court next considers whether it gave prior warning that the lawsuit might be dismissed. See, e.g., Wilner v. Univ. of Kansas, 848 F.2d 1023 (10th Cir. 1988). In this case, the record makes clear that the Court has repeatedly warned Archibeque of the possibility of dismissal. Clerk's minutes, as well as warnings provided to Archibeque from the Court and his former attorneys, demonstrate that he was cautioned on multiple occasions that failure to comply could result in dismissal of his case with prejudice. [See Doc. 30; Doc. 32 at 3; Doc. 63]. Moreover, the Court's *Order to Show Cause* specifically warned of the risk of non-compliance. [See Doc. 96 at 2]. Indeed, the *Order to Show Cause* left no doubt that failure to respond would result in dismissal of the case.

> Archibeque is directed to show cause why sanctions should not be imposed, including dismissal of his complaint or amended complaint with prejudice, as a result of his failure to submit his portion of the Pretrial Order to Defendants, his failures to respond to pending motions, and his misrepresentations to the Court concerning plaintiff-initiated discovery.
>
> . . . Failure to respond will result in the Court's dismissal of this lawsuit with prejudice.

[Doc. 96, pp. 2-3].

### V.  Efficacy of Lesser Sanctions

Notwithstanding the Court's earlier warnings and imposition of monetary sanctions for failure to meet discovery obligations, Archibeque persists in his non-compliance.  In direct violation of Judge Armijo's order concerning deadlines for submission of the *Pretrial Order*, Archibeque failed to comply.  [See Doc. 15 at 1; see also Doc. 94].

As stated, the Court already has imposed lesser sanctions—oral reprimands and a fine of $300—with little effect.  Archibeque continues to ignore the Court's directives just as he has ignored his discovery obligations and other orders of the Court.  Given his repeated failures and refusals to comply, it is apparent that he no longer has the interest or the desire to proceed with this litigation.  To be sure, from the time Archibeque assumed *pro se* status, he (1) engaged in no discovery on his own claims; (2) failed to provide discovery until such time as he was sanctioned for not having done so; (3) failed to appear for a deposition; and (4) failed to submit his information necessary for a *Pretrial Order*.  This means that heading to trial, Defendants still do not know what witnesses Archibeque intends to call or what documents or exhibits will be offered at the time of trial.  The Court concludes that each and every Ehrenhaus factor strongly weighs in favor of Defendants and dismissal of Archibeque's lawsuit.

### Conclusion

While dismissal is a severe sanction, Archibeque's history of repeated and documented failures warrants imposition of a sanction beyond a fine or other penalty.  Indeed, for all intents and purposes, it seems plain that Archibeque has simply abandoned this lawsuit.  See Berry & Murphy, P.C. v. Carolina Cas. Ins. Co., 586 F.3d 803, 805 (10th Cir. 2009) (multiple violations of discovery

rules justified dismissal of plaintiffs' action for failure to prosecute); Schroeder v. Southwest Airlines, 129 Fed.Appx. 481 (10th Cir. 2005) (unpublished) (applying Ehrenhaus factors to conclude that dismissal with prejudice was appropriate sanction for plaintiff's abuse of discovery process, failure to prosecute case, and failure to follow rules of civil procedure).

Given the fact that the Court's earlier warnings and imposition of penalties have proved insufficient to compel Archibeque's performance, the Court is not optimistic that an additional sanction would now compel him to take action. Indeed, the Court specifically warned Archibeque that if he failed to respond to the *Order to Show Cause*, the complaint would be dismissed. Even with that caution, Archibeque has failed to act.

## Recommended Disposition

After considering the Ehrenhaus and Meade factors, the Court determines that the appropriate sanction is an order dismissing this case with prejudice. Accordingly, this matter is referred to the trial judge with a recommendation that the lawsuit be dismissed with prejudice.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge

11